IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FONOVISA, INC., et al.          :

                                :

    v.                          : Civil Action No. DKC 2004-3678

                                :

SIDRONIO MANTILLA               :

                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Plaintiffs Fonovisa, Inc., Atlantic Recording Corporation, UMG Recordings, Inc., Arista Records LLC, and Sony BMG Music Entertainment for entry of default judgment against Defendant Sidronio Mantilla pursuant to Fed.R.Civ.P. 55(b)(2). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court grants Plaintiff's motion and awards statutory damages, permanent injunctive relief, and costs.

Plaintiffs allege that, in violation of Plaintiffs' rights of reproduction and distribution under copyright law, Defendant made publicly available on the Internet for download Plaintiffs' copyrighted recordings. Plaintiffs seek injunctive relief, statutory damages of $750 for each of eight infringing acts, and costs.

## I.   Default

Entry of default is left to the discretion of the court. *Dow v. Jones,* 232 F.Supp.2d 491, 494 (D.Md. 2002).  The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow,* 232 F.Supp. at 494-95 (citing *United States v. Shaffer Equip. Co.,* 11 F.3d 450, 453 (4th Cir. 1993)).  Default judgment may, however, be appropriate when the adversary process has been halted because of an essentially unresponsive party. *See Jackson v. Beech,* 636 F.2d 831, 836 (D.C.Cir. 1980) (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689, 691 (D.C.Cir. 1970)).  Here, Defendant has not responded at all.  He was served with Plaintiffs' summons and complaint on December 12, 2004.  Plaintiffs subsequently sent two letters urging him to file a response.  The clerk entered default pursuant to Rule 55(a) on February 24, 2005, upon motion properly served to Defendant.  On February 7, 2005, Plaintiff filed the instant motion; it, too, was duly served upon Defendant, but Defendant has failed to reply.  In short, Defendant has had ample notice of impending default, but has taken no action whatsoever.

## II.  Liability

Upon default, the well-pled allegations in a complaint as to liability are taken as true, but allegations as to damages

are not.  *SEC v. Lawbaugh,* 359 F.Supp.2d 418, 422 (D.Md. 2005)

(citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722

F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiffs allege that Defendant, without permission,

distributed eight of Plaintiffs' copyrighted recordings to the

public and/or made those recordings available for distribution

to others, in violation of Plaintiffs' rights under 17 U.S.C. §

106(3).  This allegation, taken as true because Defendant is in

default, is sufficient to establish liability.  *See In re

Aimster Copyright Litig.,* 334 F.3d 643, 645 (7th Cir. 2003), *cert

denied sub nom, Deep v. Recording Indus. Ass'n of Am., Inc.,* 540

U.S. 1107 (2004) ("If the music is copyrighted, . . . swapping,

which involves making and transmitting a digital copy of the

music, infringes copyright.  The swappers . . . are the direct

infringers.").

**III. Relief**

All three of Plaintiffs' requests for relief are appropriate

and will be granted.

"[A]n infringer of copyright is liable for . . . statutory

damages, as provided by subsection (c)."  17 U.S.C. § 504(a)(2).

17 U.S.C. § 504(c)(1) provides for damages for infringements of

any one work "in a sum of not less than $750 or more than

$30,000 as the court considers just."  17 U.S.C. § 504(c)(1).

Plaintiff alleges infringement of eight works, and requests only the minimum $750 per infringement.  The court will therefore grant statutory damages of $6,000.

The court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright," 17 U.S.C. § 502(a), and "district courts within this circuit have held that when a claim of copyright infringement has been proven, a permanent injunction prohibiting further infringements is appropriate and routinely entered." *M.L.E. Music v. Kimble, Inc.,* 109 F.Supp.2d 469, 472-73 (S.D.W.Va. 2000) (citing cases).  "A permanent injunction is especially appropriate where a threat of continuing infringement exists." *Id.* (quoting *Jasperilla Music Co., M.C.A. v. Wing's Lounge Assoc.,* 837 F.Supp. 159, 161 (S.D.W.Va. 1993)); *see Jackson v. Sturkie,* 255 F.Supp.2d 1096, 1103 (N.D.Cal. 2003) ("Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction.") (quoting *Sega Enters. v MAPHIA,* 948 F.Supp. 923, 940 (N.D.Cal. 1996) *and citing MAI Sys. Corp. v Peak Computer, Inc.,* 991 F.2d 511, 520 (9th Cir. 1993), *cert. dismissed sub nom, Peak Computer v. MAI Sys. Corp.,* 510 U.S. 1033 (1994)).  Here, Plaintiffs allege that Defendant continues to infringe by making the copyrighted recordings available to

4

the public.   As in *Jackson*, "the court finds that [D]efendant's past behavior and on-going ability to infringe [Plaintiffs'] copyright[s] constitute a continued threat of future infringing activity.   Defendant amply possesses the means for future infringement . . . .   In addition, [D]efendant's lack of participation in this litigation has given the court no assurance that [D]efendant's infringing activity will cease." *Id.* at 1103.   A permanent injunction is therefore appropriate.

Plaintiffs also request costs in the amount of $247, but have not itemized them.   17 U.S.C. § 505 provides that "the court in its discretion may allow the recovery of full costs . . . ."   Costs may be taxed by the clerk in favor of prevailing parties under Fed.R.Civ.P. 54(d), in any event, and Plaintiffs may proceed pursuant to Local Rule 109.1.

A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

July 5, 2005
